**Michael KUZMA, Plaintiff-Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant-Appellee.**

**No. 1360, Docket 86–6046.**

United States Court of Appeals, Second Circuit.

Argued June 3, 1986.

Decided July 31, 1986.

---

Michael Kuzma, pro se.

Kathleen M. Mehltretter, Asst. U.S. Atty., Buffalo, N.Y. (Stanley F. Mires, Office of Gen. Counsel, U.S.P.S., Buffalo, N.Y., Salvatore R. Martoche, U.S. Atty., W.D.N.Y., of Counsel) for defendant-appellee.

Before KAUFMAN, PIERCE and MINER, Circuit Judges.

PER CURIAM:

Appellant Michael Kuzma ("Kuzma") operates a private mail receiving and forwarding agency. Customers of the agency designate his post office box as their address, and their mail then is delivered to the box by appellee, United States Postal Service ("USPS"). For a fee, Kuzma places the unopened mail of each customer in a large envelope, adds postage and remails the package to the intended recipient.

By letter dated March 13, 1984, the USPS notified Kuzma that he and his customers were required to file Form 1583, "Application for Delivery of Mail Through Agent." The application form is authorized by USPS Domestic Mail Manual ("DMM") section 153.212, which took effect August 1, 1982. It is designed to elicit the following information: the names and addresses of the applicant and agent; the home address of the applicant; the name of the firm or corporation if the applicant is a firm or corporation; if applicable, the business address of the firm or corporation, the type of business involved, and the members or officers of the firm or corporation whose mail is authorized to be delivered to the agent; the names and addresses of two references; and the county, state, and date of registration if the business or trade name of a corporate applicant has been registered. The form must be signed by the agent and the applicant; if the applicant is a corporation, an officer of the corporation must sign. By its terms, DMM

§ 153.212 applies to every "commercial mail receiving agency," and it is uncontested that Kuzma falls into that category.

Rather than comply with the postal regulation, Kuzma commenced an action in the United States District Court for the Western District of New York contending, as he does on this appeal, that DMM § 153.212 was adopted in violation of the rule-making requirements of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553; that Form 1583 was promulgated in violation of the Paperwork Reduction Act of 1980 ("PRA"), 44 U.S.C. §§ 3501–3520; and that the regulation and forms are violative of his association and privacy rights under the First Amendment to the United States Constitution. After receiving a motion for summary judgment or dismissal by the USPS and cross-motion for summary judgment by Kuzma, the District Court (John T. Curtin, *Judge*) granted summary judgment in favor of USPS and dismissed the complaint by Memorandum-Decision and Order dated January 15, 1986. We affirm.

■ In enacting the Postal Reorganization Act, Pub.L. No. 91–375, 84 Stat. 719 (1970), Congress intended "the Postal Service to be run more like a business than had its predecessor, the Post Office Department." *Franchise Tax Board of California v. United States Postal Service*, 467 U.S. 512, 519–20, 104 S.Ct. 2549, 2554, 81 L.Ed.2d 446 (1984). In furtherance of its goal of promoting more efficient and business-like practices on the part of the reorganized postal system, Congress provided generally that "no Federal law dealing with public or Federal contracts, property, works, officers, employees, budgets, or funds, including the provisions of chapters 5 and 7 of title 5, shall apply to the exercise of the powers of the Postal Service." 39 U.S.C. § 410(a). Accordingly, the Postal Service clearly is exempted from the procedures for rule-making, including public comment, established by the APA, 5 U.S.C. § 553. *See National Easter Seal Society v. United States Postal Service*, 656 F.2d 754, 766 (D.C.Cir.1981). Kuzma argues, nonetheless, that this exemption is inapplicable by virtue of our decisions in *Chelsea Neighborhood Association v. United States Postal Service*, 516 F.2d 378 (2d Cir.1975), and *City of Rochester v. United States Postal Service*, 541 F.2d 967 (2d Cir.1976).

In *Chelsea*, we determined that the construction of a vehicle maintenance facility by the USPS in combination with a multi-story housing project in New York City was subject to the provisions of the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. §§ 4321–4347, despite the USPS's general exemption from federal laws affecting its "contracts," "property" and "works." Similarly, in *City of Rochester*, we held that, in connection with the abandonment of a postal facility in the City of Rochester, the exemption did not serve to exclude the USPS from complying with the Intergovernmental Cooperation Act ("ICA"), 42 U.S.C. § 4231(b), which requires consultation with local planning authorities. In those cases, however, we noted the distinction between the broad national policy interests manifested in NEPA and ICA and the specific concerns of the Postal Reorganization Act in modernizing the day-to-day managerial operations of the postal system. Applying that distinction here, we conclude that DMM § 153.212 pertains to the internal operations and managerial functions of the Postal Service and represents a proper exercise of the business discretion afforded to USPS by congressional mandate. The general exemption provided by section 410(a), therefore, is applicable, and the postal regulation in question was not issued in violation of the APA.

■ Congress enacted the PRA to reduce the flow of paperwork that individuals, small businesses and local governments were required to complete for the federal government. In pursuit of this goal, the Office of Management and Budget ("OMB") was designated to approve the collection of any information from the public and to assign control numbers to each form it sanctions for that purpose. 44 U.S.C. § 3507(b). Any form used by a government agency lacking an OMB con-

**32**

trol number need not be completed. Because Form 1538 bears no control number, Kuzma contends that he need not fill it out.[1]

Although the USPS is an independent establishment of the executive branch, 39 U.S.C. § 201, and the PRA is applicable to any "establishment in the executive branch of the Government," 44 U.S.C. § 3502(1), Congress has evinced no intent that the PRA should supersede the general exemption provision previously discussed. No specific reference to the USPS is made in the PRA, which was enacted ten years after the Postal Reorganization Act, and we adhere to the rule that repeals by implication are not favored. *Watt v. Alaska*, 451 U.S. 259, 267, 101 S.Ct. 1673, 1678, 68 L.Ed.2d 80 (1981). In contrast, the Postal Rate Commission *is* referred to specifically as an agency subject to the requirements of the PRA. *See* 44 U.S.C. § 3502(10). It is clear, therefore, that Congress could have explicitly subjected the USPS to the terms of the PRA had it wished to do so. Moreover, the congressional purpose of achieving economic independence, efficiency and flexibility in the Postal Service is advanced by freeing the Service from such requirements as approval of a form by OMB.

■ Finally, we reject Kuzma's constitutional claims. The requirement for completion of Form 1538 does not impinge upon associational rights, which have been limited to intimate human relationships and activities related to the exercise of first amendment privileges. *See Roberts v. United States Jaycees*, 468 U.S. 609, 617–18, 104 S.Ct. 3244, 3249, 82 L.Ed.2d 462 (1984). The minimal information sought does not implicate any privacy interests, especially in light of the strong governmental concerns for the proper direction of the mails and the detection of those who conceal their identities for illegitimate purposes. *See Barry v. City of New York*,

712 F.2d 1554, 1558–60 (2d Cir.), *cert. denied*, 464 U.S. 1017, 104 S.Ct. 548, 78 L.Ed.2d 723 (1983).

The judgment appealed from is affirmed.

---

1. Kuzma also contends that DMM § 153.212 does not authorize USPS to return mail to the sender if the form is not completed. However, USPS has general authority to provide for the enforcement of its regulations, *see* 39 U.S.C. §§ 401(2), (10), and for the "collection, handling, transportation, delivery, forwarding, returning, and holding of mail," *id.*, § 404(a)(1).