**R.R. DONNELLEY & SONS COMPANY, et al., Petitioners,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

No. 91–1447.

United States Court of Appeals, Seventh Circuit.

Submitted March 20, 1991.

Decided April 29, 1991.

H. Blair White, Thomas F. Ryan, Geraldine M. Alexis, Andrew G. Klevorn, Sidley & Austin, Chicago, Ill., Elroy H. Wolff, Sidley & Austin, Washington, D.C., Monica M. Fohrman, R.R. Donnelley & Sons, Chicago, Ill., for R.R. Donnelley and Sons Co., Pan Associates, Ltd.

Byron L. Gregory, Janet M. Koran, McDermott, Will & Emery, Chicago, Ill.,

Ronald Bloch, McDermott, Will & Emery, Washington, D.C., for Meredith Corp.

David C. Shonka, F.T.C., Washington, D.C., for F.T.C.

Before EASTERBROOK, RIPPLE and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

R.R. Donnelley & Sons Co., a commercial printer, acquired Pan Associates, L.P., and Meredith Corp., two other printers, last year. A district judge denied the Federal Trade Commission's request for a preliminary injunction against the acquisition. *FTC v. R.R. Donnelley & Sons Co.*, 1990–2 Trade Cas. ¶ 69,239, 1990 WL 193674 (D.D.C.), 1990 U.S.Dist. LEXIS 11361. The Commission did not appeal. Instead it filed an administrative complaint, which it sent to an administrative law judge. Donnelley (as we call the firms collectively) asked the ALJ to dismiss the case on account of issue preclusion (collateral estoppel): the district judge found that the acquisition would not diminish competition, and that decision, according to Donnelley, binds the Commission. The ALJ denied the motion on the ground that the trial in the district court, lasting "only" six days, was too abbreviated to get at the truth of the matter, while trials in the FTC go on for months and months.

Donnelley asked the Commission to review this decision, arguing that exhaustive discovery and an exhausting trial are not justifiable when there has already been an eight-month inquiry under the Hart–Scott–Rodino Act, 15 U.S.C. § 18a, and a week-long trial in the district court. According to Donnelley, the district judge allowed the FTC to present all the evidence it desired. Having failed to appeal, Donnelley contended, the Commission should not be allowed to move to a more favorable forum (that is, to itself) for another thwack at the piñata. The FTC refused to entertain this request; its rules do not allow interlocutory review. Donnelley asks us to direct the FTC to end the case. The decision is no more final now than it was in the FTC. As review is limited to the Commission's "final" orders, 5 U.S.C. § 704, see *FTC v. Standard Oil Co. of California*, 449 U.S. 232, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980) (*Socal*), we dismiss the petition.

We may assume that the ALJ is mistaken, that the FTC will eventually hand Donnelley the laurel. We may even assume that if the FTC does not do this, a court will set aside its order. Still, this case is far from over. The long road ahead is precisely Donnelley's beef. *Socal* held that the filing of a complaint is not a final decision even though it finally determines that there is reasonable cause to proceed. Resolution of an *issue* is one thing, resolution of the case another. 449 U.S. at 241, 101 S.Ct. at 493; see also *Ticor Title Insurance Co. v. FTC*, 814 F.2d 731, 747 (D.C.Cir.1987) (Williams, J., concurring). *Socal* remarked that in seeking review of the complaint, the respondents confused exhaustion with finality. 449 U.S. at 243, 101 S.Ct. at 495. So it is here. Donnelley has exhausted all of the avenues the Commission affords it, but a final order is yet to come. Getting there will be needlessly costly if, as Donnelley believes, the FTC's case carries a fatal flaw. Yet, by this reasoning, any order denying summary judgment is "final" and appealable, because it dooms the parties to lengthy, expensive, and potentially wasteful endeavors. If the cost, delay, and aggravation of litigation made an order final, the distinction between interlocutory and final decisions would collapse, and courts of appeals would be deluged. *Socal* holds that expense does not finality make, 449 U.S. at 244, 101 S.Ct. at 495, which parallels the doctrine that neither the denial of a motion for summary judgment nor the grant of costly discovery is a final decision appealable under 28 U.S.C. § 1291. *Buckley v. Fitzsimmons*, 919 F.2d 1230, 1237 (7th Cir. 1990) (summary judgment); *Matterhorn, Inc. v. NCR Corp.*, 727 F.2d 629 (7th Cir. 1984) (summary judgment); *Union Carbide Corp. v. U.S. Cutting Service, Inc.*, 782 F.2d 710, 712 (7th Cir.1986) (discovery). See Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* 8:§ 2006, 10:§ 2715 (2d ed.1989).

Donnelley can hold down its costs. It could stipulate to the evidence the FTC's attorneys think they will get by more discovery. Come the hearing, it could tender the district court's record to the ALJ and rest. If it is bold it could refuse to make discovery, defending the choice on the ground that no additional evidence is relevant. A litigant prepared to stand behind its legal theory may obtain early review with less outlay. See *Marrese v. American Academy of Orthopaedic Surgeons,* 726 F.2d 1150, 1157 (7th Cir.1984) (in banc), reversed in part on other grounds, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); but cf. *Powers v. Chicago Transit Authority,* 846 F.2d 1139 (7th Cir.1988). A more timid litigant could ask the FTC to change its rules to permit interlocutory review. (Donnelley does not contend that the FTC's rules are inconsistent with the Administrative Procedure Act, but an agency may do more than the APA's minimum. There is very little to be said as a matter of prudence—or of decency—for letting an ALJ inflict millions of dollars in pointless loss without supervision by the Commissioners.) What a litigant cannot have under current statutes is quick judicial review without risk.

■ Claims of preclusion are different, Donnelley submits. In putting a party to its defense a second time in a second forum, the FTC forever strips that person of the respite secured by the first judgment. Arguments of this stripe persuaded the Supreme Court in *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), that the denial of a motion, founded on the double jeopardy clause of the fifth amendment, to dismiss a criminal prosecution is immediately appealable. The double jeopardy clause secures the criminal equivalent of claim and issue preclusion. It follows, then, that an order rejecting a defense of issue preclusion is a "final" decision under the APA. Donnelley fortifies this argument by citing immunity cases such as *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and *Helstoski v. Meanor,* 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979). This approach finds a parallel in the rule that costs of multiple litigation may be treated as "irreparable injury" even though the expense of the first case is not. Douglas Laycock, *The Death of the Irreparable Injury Rule,* 103 Harv.L.Rev. 687, 714–16 (1990) (collecting cases).

Both the double jeopardy and principles of official immunity create "rights not to be tried", the Supreme Court has concluded. An order rejecting a defense of immunity or former jeopardy conclusively rebuffs any claim of a right not to be tried. It follows, the Court held in *Abney, Helstoski,* and *Mitchell,* that appeal lies under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). It is far from clear to us that this principle can be transferred to administrative law. Does the collateral order doctrine apply to the APA or 15 U.S.C. §§ 21(c) and 45(c), the statutes addressed more precisely to review of the FTC's orders? See *Gifford–Hill & Co. v. FTC,* 523 F.2d 730 (D.C.Cir. 1975) (answering "no"). Does the All-Writs Act, 28 U.S.C. § 1651(a), override the final-decision rule of the APA and the FTC Act?

Let us avoid quibbles. The law of preclusion (res judicata and collateral estoppel) does not create a "right not to be tried" in anything like the sense that the double jeopardy clause does. If a criminal trial produces an "acquittal", that is the end of the matter. No showing of inaccurate instructions or other legal error allows the prosecutor another go. *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). If the evidence at trial is insufficient, no hope of doing better allows the prosecutor a second run. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Preclusion in civil cases is not so powerful. An inadequate opportunity (sometimes even an inadequate incentive) to present one's case the first time may permit another shot in civil litigation. Legal errors by the judge may be overturned and the case re-done. Preclusion in a civil case creates a "right not to be tried" only in the sense that it creates a right to *win;* but many legal

doctrines do that without also creating a right to interlocutory appellate review.

There is a gulf between a right not to be tried and a right the vindication of which implies the end of the case. *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 269, 102 S.Ct. 3081, 3085, 73 L.Ed.2d 754 (1982). Only an "explicit statutory or constitutional guarantee that trial will not occur" creates the sort of right not to be tried that supports immediate review. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801, 109 S.Ct. 1494, 1499, 103 L.Ed.2d 879 (1989). Donnelley has not identified an explicit guarantee that the FTC will honor claims of preclusion—has not identified an implicit guarantee, for that matter. Recent cases hold that the risk, even the certainty, of multiple litigation does not support immediate appellate review. See, e.g., *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989); *Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988); *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988).

*Biard* is particularly telling. The defendant argued that a treaty immunized him from service of process. The Court assumed that the defendant had such an immunity but concluded that trial would not offend the treaty, which did not explicitly specify how the immunity is implemented. The Court characterized the right as one not to be exposed to an adverse judgment, a right that could be vindicated on appeal from final decision. It added: "Because of the important interests furthered by the final-judgment rule, and the ease with which certain pretrial claims for dismissal may be alleged to entail the right not to stand trial, we should examine the nature of the right asserted with special care to determine whether an essential aspect of the claim is the right to be free of the burdens of a trial." 486 U.S. at 524–25, 108 S.Ct. at 1951 (internal reference omitted). The subtext of cases such as *Biard* and *Midland Asphalt* is that double jeopardy and official immunity are a closing, perhaps closed, class.

A few words about *Continental Can Co. v. Marshall*, 603 F.2d 590 (7th Cir.1979), are in order. We required the Secretary of Labor to dismiss some pending administrative prosecutions, concluding that an earlier decision was preclusive. Donnelley reads *Continental Can* as establishing that a court may intervene in the administrative process, without regard to finality, to enforce doctrines of preclusion. *Continental Can* does not discuss jurisdiction, however. The basis of jurisdiction is not laid out; the final decision rule is unmentioned. Issues, even jurisdictional issues, lurking in the record but not addressed do not bind the court in later cases. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 119 & n. 29, 104 S.Ct. 900, 918 & n. 29, 79 L.Ed.2d 67 (1984); *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37–38 & n. 9, 73 S.Ct. 67, 69 & n. 9, 97 L.Ed. 54 (1952); *United States v. Daniels*, 902 F.2d 1238, 1241 (7th Cir.1990); *In re Stegall*, 865 F.2d 140, 142 (7th Cir.1989); *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 625 (7th Cir.1986). See also *Webster v. Fall*, 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925). At all events, *Continental Can* preceded *Socal* and the recent cases putting a damper on assertions of "rights not to be tried".

Whether there is *any* life to *Continental Can* after *Socal* remains to be seen. Perhaps a pattern of vexatious prosecution supporting an inference that the process is the punishment calls for different treatment—although *Hollywood Motor Car* suggests not. No matter. Donnelley does not contend that the FTC uses the costs of litigation as the punishment for mergers. Whether or not the Commission's ALJ has analyzed the preclusion issue correctly, Donnelley faces but a single administrative case. We sympathize with Donnelley's frustration at its inability to get the Commissioners' attention, and we regret the high costs of litigation—especially if the outcome is foredoomed. Members of the public lose along with Donnelley if a protracted case raises the costs of its products. But in the long run judges serve best by enforcing the laws on the books,

and not the rules litigants (even judges) wish were there. *West Virginia University Hospitals, Inc. v. Casey,* —— U.S. ——, 111 S.Ct. 1138, 1148, 113 L.Ed.2d 68 (1991).

DISMISSED FOR WANT OF JURISDICTION.