**TOP CHOICE DISTRIBUTORS, INC. and Salvatore Sciandra, Plaintiffs–Appellants,**

v.

**UNITED STATES POSTAL SERVICE, Defendant–Appellee.**

No. 97–6186.

United States Court of Appeals, Second Circuit.

Argued Feb. 12, 1998.

Decided Feb. 26, 1998.

Charles B. Chernofsky, New York City (Chernofsky & deNoyelles, New York City, Salvatore R. Martoche, Hiscock & Barclays, LLP, Buffalo, NY, on the brief), for Plaintiffs–Appellants.

Janet E. Smith, United States Postal Service, Washington, D.C. (Patrick NeMoyer, United States Attorney for the Western District of New York, Mary Fleming, Assistant United States Attorney, Buffalo, NY, R. Andrew German, Rodney Gould, United States

Postal Service, Washington, DC, on the brief), for Defendant–Appellee.

Before: VAN GRAAFEILAND, JACOBS, and LAY,* Circuit Judges.

JACOBS, Circuit Judge.

Plaintiff-appellant Top Choice Distributors, Inc. is a self-described direct-mail solicitation company which has been the target of a number of administrative proceedings in which the United States Postal Service has charged it with conducting schemes through the mail to obtain money by means of fraudulent misrepresentations. In response to the Postal Service's latest administrative action, Top Choice and its chairman, Salvatore Sciandra, have sued the United States Postal Service, citing the prior administrative actions and invoking the doctrines of res judicata and collateral estoppel. Plaintiffs now appeal from a judgment of the United States District Court for the Western District of New York (Elfvin, J.), granting defendant's motion for summary judgment and dismissing the complaint for failure to exhaust administrative remedies. We affirm on slightly different grounds.

## BACKGROUND

In June 1994, the Postal Service initiated an administrative complaint against Top Choice, alleging that its mailings contained false representations in violation of 39 U.S.C. § 3005, which prohibits the use of the mails to conduct a scheme to obtain money by means of fraudulent misrepresentations. That complaint was settled by a consent agreement, which provided for a cease and desist order that placed certain conditions on any future mailings by Top Choice.

In April 1995, the Postal Service filed an administrative breach petition against Top Choice, alleging violations of the 1994 consent agreement and the cease and desist order. In July 1995, the Postal Service's Judicial Officer ruled that eight of the twelve

* Honorable Donald P. Lay, of the United States Court of Appeals for the Eighth Circuit, sitting by

designation.

Top Choice mailings at issue violated the 1994 agreement and order.

The Postal Service initiated yet another complaint against Top Choice in October 1996, pleading that further mailings contained fraudulent misrepresentations in violation of 39 U.S.C. § 3005. In response, plaintiffs filed this action seeking an injunction barring the Postal Service from prosecuting the pending administrative complaint. Plaintiffs allege that the latest administrative initiative of the Postal Service is barred by res judicata and collateral estoppel because it charges violations of a kind that could have been asserted in the first administrative complaint and that were held in the earlier proceedings not to violate the statute.

The district court denied plaintiffs' motion for a preliminary injunction; plaintiffs moved for summary judgment; and the Postal Service cross-moved for a summary judgment on the ground that plaintiffs failed to exhaust administrative remedies. The district court granted the cross-motion.

## DISCUSSION

■ On appeal, plaintiffs contend that the district court erred in dismissing the action for failure to exhaust administrative remedies. We conclude that dismissal of the complaint is justified on a closely-related ground: lack of finality.

The Postal Service is authorized, "upon evidence satisfactory to" it, to deny the use of the mails to those engaged in schemes to obtain money by means of false representations. 39 U.S.C. § 3005 (West Supp.1997). Procedures for enforcing this authority are set out in regulations: the General Counsel of the Postal Service files a complaint, and a hearing is held before an administrative law judge, who then issues a decision. 39 C.F.R. §§ 952.5, 952.14, 952.24 (1997). The ALJ's decision "shall become the final Agency decision unless an appeal is taken in accordance with § 952.25." 39 C.F.R. § 952.24(a). An appeal may be taken to the Judicial Officer of the Postal Service, who is authorized to render the "final Agency decision." Id. §§ 952.25, 952.26. The Postal Service may then issue a cease and desist order and may also order that mail addressed to the respondents be returned to its senders. 39 U.S.C. § 3005(a).

■ Plaintiffs challenge the Postal Service's exercise of its § 3005 power. Although the Postal Service concedes that the final agency decision of the Postal Service is subject to judicial review under chapter 7 of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. ("APA"), it claims that its decision is not yet final and that plaintiffs' request for judicial review is premature.[1] We agree.

The district court exercised its discretion and required Top Choice to exhaust its ad-

1. Judicial review of a final agency decision is ordinarily conducted pursuant to the APA. The Postal Service is arguably a special case, however. Under 39 U.S.C. § 410(a), "no Federal law dealing with public or Federal contracts, property, works, officers, employees, budgets, or funds, *including the provisions of chapters 5 and 7 of title 5*, shall apply to the exercise of the powers of the Postal Service." 39 U.S.C. § 410(a) (1994) (emphasis added). The judicial review provisions of the APA are codified in chapter 7 of title 5; so § 410(a) might be read to preclude judicial review of Postal Service administrative actions under the APA. We have previously read § 410(a) to mean that the regulatory actions of the Postal Service are exempt from chapter 5 of Title 5—the APA's rule-making provisions. *See Kuzma v. United States Postal Serv.*, 798 F.2d 29, 31 (2d Cir.1986) (*per curiam*) ("[T]he Postal Service clearly is exempted from the procedures for rule-making, including public comment, established by the APA...."); *see also National Easter*

*Seal Society for Crippled Children and Adults v. United States Postal Serv.*, 656 F.2d 754, 766–67 (D.C.Cir.1981). But we need not decide whether § 410(a) renders the APA's judicial review provisions inapplicable to the underlying administrative proceedings; any objection to the applicability of the APA here has been waived by the Postal Service's concession that judicial review of final agency actions pursuant to the APA is appropriate. *See Air Courier Conference of Amer. v. American Postal Workers Union, AFL–CIO*, 498 U.S. 517, 522–23 & n. 3, 111 S.Ct. 913, 917 & n. 3, 112 L.Ed.2d 1125 (1991) (holding that "a defense based on exemption from the APA can be waived by the Government" because the judicial review provisions of the APA are not jurisdictional); *see also Sprague v. King*, 23 F.3d 185, 188 (7th Cir.1994) (finding that a defense based on a different restriction on the scope of review under the APA was waived when the agency failed to raise it until the appeal).

ministrative remedies before bringing suit against the Postal Service. However, as noted, this action must be brought under the APA and the APA permits judicial review of only "final agency action[s]." 5 U.S.C. § 704. The Supreme Court has recently emphasized the distinction between the exhaustion of remedies requirement, upon which the district court relied, and the finality requirement, and that is a distinction that we are obliged to respect:

> [T]he finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate.

Darby v. Cisneros, 509 U.S. 137, 144, 113 S.Ct. 2539, 2543, 125 L.Ed.2d 113 (1993) (alteration in original) (citation and internal quotation marks omitted). The two requirements advance the same goals and would operate here with the same result; but applying the distinction between exhaustion of remedies and finality that the Supreme Court has drawn, this case is well (and better) characterized as turning on the principle of finality because as yet there has been no adverse decision by the agency. Finality is an explicit requirement of the APA, while exhaustion is a judge-made creation, and the Supreme Court in Darby limited the applicability of the exhaustion of remedies doctrine in cases brought pursuant to the APA. See id. at 146, 113 S.Ct. at 2544–45.

"As a general matter, two conditions must be satisfied for agency action to be final: First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined or from which legal consequences will flow." Bennett v. Spear, —. U.S. ——, ——, 117 S.Ct. 1154, 1168, 137 L.Ed.2d 281 (1997) (citations and internal quotation marks omitted); see also Franklin v. Massachusetts, 505 U.S. 788, 797, 112 S.Ct. 2767, 2773, 120 L.Ed.2d 636 (1992) ("The core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties.").

In Federal Trade Commission v. Standard Oil Co., 449 U.S. 232, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980), the Federal Trade Commission ("FTC") issued a complaint against an oil company, and the company argued that the FTC lacked reason to believe that the company had violated the law. The Supreme Court found that because the regulations provided for an evidentiary hearing, an ALJ determination, and a possible appeal from that determination to the Commission, the complaint was merely "a prerequisite to a definitive agency action on the question whether [the oil company] violated the Act," which determined nothing more than "that adjudicatory proceedings will commence," id. at 241–42, 101 S.Ct. at 494, and which had no effect on the oil company other than "to impose upon [it] the burden of responding to the charges made against it," id. at 242, 101 S.Ct. at 494. The Court emphasized that denial of review at that early procedural stage would advance important policy goals: avoiding interference with the proper functioning of the agency; affording the agency an opportunity to correct its own mistakes and apply its expertise; and preventing piecemeal review. The agency's decision to charge the company in a complaint therefore was held unreviewable.

The Seventh Circuit has expressly imposed the finality requirement as a bar to an interlocutory challenge raising preclusion to short-circuit agency proceedings. In R.R. Donnelley & Sons Co. v. Federal Trade Commission, 931 F.2d 430 (7th Cir.1991) (Easterbrook, J.), Donnelley sought federal court review of the FTC's interlocutory decision refusing to apply collateral estoppel in resolving issues that Donnelley claimed had been decided in a previous district court action. The Seventh Circuit concluded that the decision on collateral estoppel was unreviewable at that stage, because the merits of the proceeding had not been determined and the FTC's decision was not final; the court therefore dismissed for lack of jurisdiction:

> Donnelley has exhausted all of the avenues the Commission affords it [to contest the collateral estoppel issue], but a final order is yet to come. Getting there will be need-

lessly costly if, as Donnelley believes, the FTC's case carries a fatal flaw. Yet, by this reasoning, any order denying summary judgment is "final" and appealable, because it dooms the parties to lengthy, expensive, and potentially wasteful endeavors. If cost, delay, and aggravation of litigation made an order final, the distinction between interlocutory and final decisions would collapse, and courts of appeals would be deluged.

*Id.* at 431. The court also rejected Donnelley's contention that claims of preclusion overcome the finality requirement. *Id.* at 432–33.

The Postal Service has done nothing here other than file an administrative complaint. Its decision is not final until the time to appeal the ALJ decision runs or the Judicial Officer resolves the appeal. Thus, there has been no definitive agency decision. *See, e.g., United States Postal Serv. v. Notestine*, 857 F.2d 989, 992–93 (5th Cir.1988). Further, the administrative complaint has no effect except to force plaintiffs to respond, an effect that does not amount to a cognizable legal consequence. Review of the Postal Service's action is therefore premature.

■ Plaintiffs rely on *Safir v. Gibson*, 432 F.2d 137 (2d Cir.1970), to argue that finality should not be required when the plaintiffs defend the administrative action on the ground of res judicata or collateral estoppel. But the defense of res judicata or collateral estoppel does not as a general rule defeat the finality requirement, and we will waive finality only in rare instances. *See Greenberg v. Comptroller of the Currency*, 938 F.2d 8, 11–12 (2d Cir.1991) ("Although on occasion this court has directed that the doctrine of res judicata be applied in an administrative proceeding without waiting until a final order was ready for review, *see Safir v. Gibson*, 432 F.2d 137, 143–45 (2d Cir.1970), the circumstances of the instant case require adherence to the normal requirement of exhaustion of administrative procedures.") (partial citation omitted).

The facts of this case do not justify any departure from the finality requirement. Plaintiffs can assert res judicata and collater-al estoppel before the Postal Service, and thus there is no reason to believe that they will be "vexed with needlessly duplicitous proceedings." *Safir*, 432 F.2d at 143. Moreover, we would benefit from the development of the record and the findings of fact that will result from initial agency review. *See, e.g., Greenberg*, 938 F.2d at 12 ("[A] judicial determination as to whether any issues in the current OCC proceedings have been settled in prior proceedings would require a comparison of the facts and transactions underlying both the prior and the current proceedings, a comparison that best can be made in the first instance by the OCC itself.").

Accordingly, because the Postal Service's filing of an administrative complaint against plaintiffs did not constitute a "final agency action," the district court properly dismissed the complaint.

The judgment of the district court is affirmed.