**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NORTHERN NATURAL GAS COMPANY,

      Plaintiff - Appellee,

v.

TRANS PACIFIC OIL CORPORATION, BE
USA, L.P., 1987-1; VESOCO LLC; AIR
PIPELINE CORPORATION,

      Defendants - Third Party
      Plaintiffs - Appellants,

v.

SONDRA BOYD; DALMER CRICK;
GERTRUDE CRICK; KATHY EPPERLY;
HERBERT PARK; MARVIN PARK;
CONNIE SUE PARMELY; JACK V.
CRICK, Executor of the Estate of Gertrude
Crick,

      Third-Party-Defendants - Appellants.

Nos. 07-3277
& 07-3195

---

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 6:02-CV-01418-JTM)**

---

Jim H. Goering of Foulston Siefkin LLP, Wichita, Kansas (Timothy B. Mustaine
of Foulston Siefkin LLP, Wichita, Kansas; and John V. Black of Black's Law
Office, PA, Pratt, Kansas, with him on the briefs), for Defendants-Appellants.

Alan L. Rupe of Kutak Rock LLP, Wichita, Kansas (Richard A. Olmstead of Kutak Rock LLP, Wichita, Kansas; and Mark Coldiron and Phillip Whaley of Ryan, Whaley & Coldirn, P.C., Oklahoma City, Oklahoma, with him on the brief), for Plaintiff-Appellee.

Before **HENRY**, Chief Judge, **SEYMOUR** and **GORSUCH**, Circuit Judges.

**SEYMOUR**, Circuit Judge.

This is an appeal from the district court's determination that it lacked subject matter jurisdiction to grant Trans Pacific Oil Corp.'s (Trans Pacific) motion to enjoin Northern Natural Gas Co. (Northern) from proceeding before the Federal Energy Regulatory Commission (FERC). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 1292(a)(1), and we affirm.

**I.**

This case has a complicated history. Northern is a natural gas company engaged in the interstate transportation of natural gas pursuant to the Natural Gas Act, 15 U.S.C. § 717a. Since 1977, Northern has operated an underground natural gas storage facility in Kansas called Cunningham Field. Trans Pacific owns the Park Leases, located north of Cunningham Field, on which there are two producing wells. The third-party defendants are individuals who have royalty or overriding royalty interests in the Park Leases. Northern alleged that storage gas

from the Cunningham Field has been migrating to the Park Leases and that Trans Pacific has been producing that gas. Accordingly, in 2002, Northern filed an action, seeking money damages and a permanent injunction prohibiting production from the Park Leases. After trial in 2005, a jury found by special verdict that no Northern storage gas had migrated to the Park Leases on or after July 1, 1993. Post-trial, the district court rejected Northern's challenges to the jury verdict, as well as its request for a permanent injunction. Northern appealed, and on September 19, 2007, this court affirmed. *Northern Natural Gas Co. v. Trans Pacific Oil Corp.*, 248 F.App'x 882 (10th Cir. 2007) (unpublished).

Meanwhile, Northern initiated additional proceedings involving the Cunningham Field: one in a related district court case, *Northern Natural Gas. Co. v. Nash Oil & Gas, Inc.*, 506 F.Supp.2d 520 (D. Kan. 2007), and one before the Kansas Corporation Commission (KCC). In the *Nash* suit, Northern alleged that gas from the Cunningham Field had not only migrated to the Park Leases, but also five miles further north to wells operated by Nash Oil & Gas. The district court granted summary judgment for Nash on statute of limitations grounds and, in the alternative, on the preclusive effect of the jury findings in this case. We recently affirmed solely on the basis of the district court's statute of limitations holding. *Northern Natural Gas Co. v. Nash Oil & Gas, Inc.*, ___ F.3d ___, 2008 WL 2080562 (10th Cir. 2008) ("[W]e need not address the district court's alternative reasoning premised on collateral estoppel.")

When Northern initiated the proceeding before the KCC, Trans Pacific moved this court to partially remand the then-pending appeal in the present case so it could petition the district court to enjoin Northern from relitigating in other forums the jury verdict and the district court's earlier rulings. This Court granted partial remand, and Trans Pacific moved the district court for a permanent injunction against Northern's alleged attempts to relitigate the issue of gas migration from the Cunningham Field. In the meantime, the KCC stayed its proceedings to await the district court's decision.

On March 16, 2007, while the injunction motion was still pending before the district court, Northern initiated a new FERC proceeding seeking a certificate of public convenience and necessity to expand the Cunningham Field to encompass the Park Leases as well as additional acreage further north. Northern also dismissed its KCC proceeding. Northern is contending before FERC that the earlier jury verdict and the district court's legal rulings in this case have no preclusive effect on its current FERC petition. Because the district court had not yet ruled on Trans Pacific's motion for a permanent injunction, Trans Pacific moved for a preliminary injunction requiring Northern to withdraw its FERC application. The district court denied that motion, concluding that it lacked subject matter jurisdiction to enjoin a proceeding before FERC. Trans Pacific appealed that interlocutory decision to this court.

While briefing on appeal was underway on the denial of the preliminary

injunction, the district court denied Trans Pacific's motion for a permanent injunction against Northern's alleged relitigation. The court again concluded that it lacked subject matter jurisdiction to enjoin Northern's proceeding before FERC. It also agreed with Northern that insofar as Trans Pacific was seeking to enjoin any proceeding before the KCC, it declined to do so because of the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). It is these determinations that we now address.[1]

## II.

We must decide whether courts have the power to enjoin the alleged relitigation before FERC of a matter previously determined, at least in part, by a federal court. We review *de novo* the district court's determination that it lacked subject matter jurisdiction. *United States ex. rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 717 (10th Cir. 2006).

FERC is a federal administrative agency charged with implementation of the Natural Gas Act. *See* 15 U.S.C. § 717. Under that act, natural gas companies seeking to expand their storage facilities must first obtain a "certificate of public convenience and necessity . . . authorizing such acts or operations" from FERC. *Id.* § 717f(c)(1)(A). That is precisely what Northern is seeking to do in the pending administrative proceeding that is, as of yet, still ongoing.

___

[1]Given our ruling in this case, we DENY AS MOOT Trans Pacific's appeal of the district court's denial of the motion for a preliminary injunction. *See Shaffer v. Carter*, 252 U.S. 37, 44 (1920).

*In SEC v. Otis Co.*, 338 U.S. 843 (1949) (per curiam), the Supreme Court held that where an administrative proceeding is ongoing, a district court lacks subject matter jurisdiction to enjoin it in order to prevent the relitigation of issues finally decided by that court. *Id.* (reversing *SEC v. Otis Co.*, 176 F.2d 34 (D.C. Cir. 1949), which held that district court was authorized to enjoin SEC proceeding in order to prevent relitigation). In making that determination, the Court relied on an earlier case, *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938), in which it held that a district court "was without power to enjoin [the NLRB] from holding . . . hearings." *Id.* at 47. The Court noted in *Myers* that concluding otherwise would "in effect substitute the District Court for the Board as the tribunal to hear and determine what Congress declared the Board exclusively should hear and determine in the first instance." *Id.* at 50.

The Fifth, Sixth, Seventh, and D.C. Circuits have reached similar conclusions. *See, e.g.*, *R.R. Donnelley & Sons Co. v. FTC*, 931 F.2d 430, 433-34 (7th Cir. 1991) (concluding that court could not review FTC's denial of a motion even on issue preclusion grounds); *FTC v. Markin*, 532 F.2d 541, 544 (6th Cir. 1976) ("Whether or not res judicata or collateral estoppel should be applied in this case depends on a variety of factual determinations which should be made by the Commission in the first instance."); *Coca-Cola Co. v. FTC*, 475 F.2d 299, 304 (5th Cir. 1973) ("A contention of res judicata is not cognizable by courts until administrative proceedings are at an end . . . ."); *Brandenfels v. Day*, 316 F.2d

375, 378 (D.C. Cir. 1963) ("Even a decision in the postal proceedings in the appellant's favor would not necessarily preclude further action by the FTC since . . . circumstances may have changed since the postal proceedings were instituted and terminated. . . . And whether or not the FTC would be barred is itself a question for the initial determination of that agency.") (internal citations omitted).

The Second Circuit has ruled differently, holding that only cases involving new evidence or a different ultimate issue fall under the umbrella of *Otis*. *See Sterling Drug Inc. v. Weinberger*, 509 F.2d 1237, 1239-40 (2d Cir. 1975); *Safir v. Gibson*, 432 F.2d 137, 143-44 (2d Cir. 1970). Even assuming the Second Circuit is correct, which we doubt, that exception appears to be the case here. The jury in this lawsuit did not decide that natural gas had *never* migrated north from Cunningham Field; its decision at most was only that natural gas had not migrated to the Park Leases *on or after* July 1, 1993, up to the date of trial. *Northern Natural Gas Co.*, 248 F.App'x at 885 (Special Verdict Form "required the jury to determine whether Northern's storage gas had migrated to Trans Pacific's wells 'after June 30 1993'"). *See also id.* at 888-89. Northern has represented that the FERC proceedings involve new evidence in the form of a 2007 migration study that is based in part on evidence collected after the jury's verdict in this case. Moreover, the ultimate issue before FERC – whether or not Northern is entitled to a certificate of public convenience and necessity – is different from the ultimate issue that was before the jury here. Thus, even under the Second Circuit's

interpretation of *Otis*, we would not have jurisdiction to enjoin the ongoing FERC proceeding in this case.

Of course, we do not decide today that court judgments cannot have preclusive effect in administrative proceedings. We merely hold that, given the Supreme Court's dictates, FERC must decide the *res judicata* issue for itself in the first instance. As with any administrative proceedings, Trans Pacific will have the right to appeal FERC's final decision if it loses in that forum.

In sum, we hold that, under *Otis* and *Myers*, courts lack subject matter jurisdiction to interfere with an ongoing proceeding before FERC. Accordingly, the district court properly concluded that it could not enjoin Northern from petitioning FERC for a certificate of public convenience and necessity.

**III.**

Trans Pacific correctly contends the district court erred in holding the *Younger* abstention doctrine required it to abstain from enjoining Northern's proceedings before the KCC. As the district court itself recognized, the KCC had stayed its proceedings on Northern's application to await the outcome of the district court's ruling.

"For *Younger* abstention to be appropriate, three elements must be present: (1) *interference with an ongoing state judicial proceeding*; (2) involvement of important state interests; and (3) an adequate opportunity afforded in the state

-8-

court proceedings to raise the federal claims." *Southwest Air Ambulance v. City of Las Cruces*, 268 F.3d 1162, 1178 (10th Cir. 2001) (emphasis added).  Where, as here, the state adjudicator has stayed its own proceedings to await the federal court's determination, "an essential predicate to *Younger* abstention is absent: the presence of an *ongoing* state prosecution." *Id.*

Moreover, because Northern withdrew its KCC application when it filed its FERC application, there were no longer any state court proceedings for the district court to enjoin.  Consequently, although we disagree with the district court's *Younger* analysis, it correctly declined to enjoin what were then non-existent proceedings.

**AFFIRMED**.