**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NORTHERN NATURAL GAS CO.,

      Plaintiff–Appellee,

v.

NASH OIL & GAS, INC.,

      Defendant–Appellant,

and

VAL ENERGY, INC.,

      Defendant.

------------------------------

L.D. DRILLING, INC.,

      Amicus Curiae.

No. 09-3135
(D.C. No. 6:08-CV-01405-WEB-DWB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HOLLOWAY**, and **HOLMES**, Circuit Judges.

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Nash Oil & Gas, Inc. ("Nash") appeals the grant of a preliminary injunction permitting Northern Natural Gas Company ("Northern") to test four Nash gas wells. Because Northern has already conducted the tests ordered by the district court and tested the same wells pursuant to a data request issued by the Federal Energy Regulatory Commission ("FERC"), we dismiss this appeal as moot.

## I

Northern owns an underground natural gas storage facility in south-central Kansas known as the Cunningham Storage Field. Nash operates several natural gas wells located to the north of Northern's facility. After years of litigation between the parties over Northern's claim that various Nash wells were producing Northern storage gas, Northern applied for FERC permission to expand its certificated storage field to include an additional 4,800 acres. N. Natural Gas Co., 125 F.E.R.C. ¶ 61,127, at 61,629 (2008). FERC found that Northern storage gas had migrated into a portion of the proposed expansion area and granted the application in part, permitting Northern to extend its certificated boundary to cover an additional 1,760 acres. Id. at 61,635.

In December 2008, Northern filed suit against L.D. Drilling, Inc., Val Energy, Inc., and Nash in the United States District Court for the District of Kansas. Alleging that defendants are producing Northern storage gas by creating "pressure sinks" that cause Northern storage gas to migrate to defendants' wells, Northern's complaint asserts claims for declaratory and injunctive relief, conversion, unjust enrichment, nuisance, tortious interference with a business relationship, and civil conspiracy.

Northern moved for a preliminary injunction to compel Nash to permit testing of four wells, citing a Kansas statute that grants injectors of natural gas the right to test wells on "adjoining property" to determine if gas migration has occurred. Kan. Stat. § 55-1210(c)(2). The district court acknowledged that each of the four wells is located at least a mile from the boundary of Northern's certificated storage field. However, the court further found that all four Nash wells were located on property adjoining sections in which Northern had obtained storage lease rights: Two wells were located in sections in which Northern had storage lease rights, and the others were located in sections adjoining those in which Northern had storage lease rights. The district court concluded that the lease rights qualified Nash's wells as "adjoining property" and granted Northern's motion. Nash timely appealed.

While this appeal was pending, Northern collected and tested gas samples from each of the four Nash wells at issue. Based in part on these tests, Northern filed a new application with FERC in September 2009 to expand the certificated boundaries of the Cunningham Storage Field. After Nash voluntarily intervened, FERC issued a data request requiring Nash to submit gas samples from the four wells. Northern subsequently collected gas samples pursuant to FERC's order and submitted the resulting information to FERC.

## II

Before addressing the substance of Nash's appeal, we must first determine if we

have jurisdiction. Northern contends we lack jurisdiction because the appeal is moot.[1]

"To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Greater Yellowstone Coal. v. Tidwell, 572 F.3d 1115, 1121 (10th Cir. 2009) (quotation omitted). In determining whether a case is moot, we ask "whether granting a present determination of the issues offered . . . will have some effect in the real world." Kan. Judicial Review v. Stout, 562 F.3d 1240, 1246 (10th Cir. 2009) (ellipses in original, quotation omitted). A case is moot if we can no longer grant effective relief as a practical matter. Id. "If a party to an appeal suggests that the controversy has . . . become moot, that party bears the burden of coming forward with the subsequent events that have produced that alleged result." Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 98 (1993) (citation omitted).

Since entry of the district court's order, Northern has completed the ordered testing. Accordingly, we cannot offer Nash meaningful relief: We cannot undo tests that have been completed. Nash argues that we could impose limits on Northern's use of the test results, but this too would be ineffectual. Pursuant to a FERC data request, Northern again sampled the four Nash wells and obtained information regarding the composition of natural gas in the wells—information that is entirely redundant with the information

---

[1] Northern also argues that Nash lacks standing to appeal. Because we conclude this appeal is moot, we need not address Northern's standing argument. See Arizonans for Official English v. Arizona, 520 U.S. 43, 66-67 (1997).

obtained as a result of the district court's order. We lack "jurisdiction to interfere with an ongoing proceeding before FERC." N. Natural Gas Co. v. Trans Pac. Oil Corp., 529 F.3d 1248, 1252 (10th Cir. 2008). Thus an order restricting Northern's use of the court-ordered testing would have no actual "effect in the real world." Kan. Judicial Review, 562 F.3d at 1246; cf. Navani v. Shahani, 496 F.3d 1121, 1127-30 (10th Cir. 2007) (proceedings before another tribunal can moot an action when they foreclose relief in the instant action).[2]

Nash further argues that this case remains fit for adjudication because the question (as characterized by Nash) of whether the district court could expand Northern's storage rights "is a live and active controversy," and because Nash could sue for wrongful

---

[2] At oral argument, Nash's counsel raised two arguments not included in its briefing on the mootness issue. First, counsel stated that the information obtained from the FERC-ordered testing was subject to a protective order restricting its use. Second, counsel argued that the appeal was not moot because information with respect to well bores, depths, manners of completion, and pressure was not provided to FERC and thus could be subject to a meaningful restrictive order. We generally do not consider issues raised for the first time at oral argument. See Thomas v. Denny's, Inc., 111 F.3d 1506, 1510 n.5 (10th Cir. 1997).

Further, Northern's counsel disputed Nash's characterizations at oral argument, and submitted a Fed. R. App. P. 28(j) letter showing the district court heard testimony and admitted exhibits regarding the FERC-ordered test results. This information suggests the FERC tests are not subject to a protective order. Nash did not file a response. Nor has it cited evidence of a protective order or the information it contends was included in the court-ordered testing but not the FERC-ordered testing.

Finally, we note that Nash's counsel conceded at oral argument that the continuing injury for which it seeks redress on appeal is Northern's use of information regarding the "content and nature of the gas" rather than "these other matters." The content and nature of the gas, as discussed above, has been obtained by Northern by alternative means.

injunction if we reversed.  These arguments miss the mark.  An appeal becomes moot when the court can no longer grant the appellant effective relief.  See Mills v. Green, 159 U.S. 651, 653 (1895).  We may not "declare principles or rules of law [that] cannot affect the matter in issue in the case before" us.  Id.   This prohibition holds true even if the rule appellant urges us to articulate might be used in future proceedings.  California v. San Pablo & Tulare R.R. Co., 149 U.S. 308, 314 (1893) (Federal courts are "not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it.").[3]  We therefore lack jurisdiction to address the issues Nash identifies, even if our holdings on those issues might aid Nash in some other proceeding.

**III**

For the foregoing reasons, we **DISMISS** the appeal as moot.[4]  All pending

---

[3] Exceptions to this rule exist when an issue is "capable of repetition yet evading review" or when "the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time."  Riley v. INS, 310 F.3d 1253, 1257 (10th Cir. 2002).  Nash does not contend that either exception applies in this case.

[4] Although as a general rule we have a duty to vacate lower court judgments when we dismiss a case as moot, see United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1950), "[t]he duty to vacate . . . is not to be fulfilled sua sponte by the court, but rather a motion by one of the parties is required," Plotner v. AT&T Corp., 224 F.3d 1161, 1169 (10th Cir. 2000); see Munsingwear, 340 U.S. at 40-41.  Neither party has moved to vacate the district court's judgment nor mentioned such relief in its briefing.  We therefore dismiss the appeal without vacating the judgment below.

motions not addressed by this order and judgment are **DENIED**.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge