134 F.3d 745
 UNITED STATES of America, Plaintiff-Appellee,
v.
STATE OF MICHIGAN; John Engler, Governor of Michigan;
Michigan Department of Corrections; Kenneth L. McGinnis,
Director, Michigan Department of Corrections; Dan L.
Bolden, Deputy Director, Michigan Department of Corrections;
John Jabe, Regional Administrator, State Prison of Southern
Michigan; Pamela K. Withrow, Warden, Michigan Reformatory;
and John Hawley, Warden, Marquette Branch Prison,
Defendants-Appellants.
 No. 96-2464.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 8, 1997.
Decided Jan. 14, 1998.
 
 David K. Flynn, Marie K. McElderry (argued and briefed), U.S. Department of Justice, Civil Rights Division, Washington, DC, Laurie J. Weinstein, U.S. Department of Justice, Civil Division, Appellate Staff, Washington, DC, for Plaintiff-Appellee.
 Susan Przekop-Shaw (argued and briefed), Office of the Attorney General, Corrections Division, Lansing, MI, for Defendants-Appellants.
 Before: GUY, NELSON, and DAUGHTREY, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Defendants appeal the district court's order granting plaintiff access to certain State of Michigan prison facilities, staff, and documents for discovery purposes. Because we conclude the order is neither a final order under 28 U.S.C. § 1291 nor an interlocutory order properly appealable under 28 U.S.C. § 1292, we dismiss the appeal for lack of jurisdiction.I.
 
 
 2
 In 1984, plaintiff sued defendants, the State of Michigan and various officials, under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 et seq., alleging unconstitutional prison conditions. Shortly after the lawsuit was filed, the parties entered into a consent decree, which included a compliance plan. The plan dealt with such conditions of confinement as medical and mental health care, fire safety, sanitation, hygiene, crowding, and protection from harm. Since that time, the district court has overseen implementation of the plan, and various implementation orders have issued, some of which have been before this court on appeal. See, e.g., United States v. Michigan, No. 94-2391, 1995 WL 469430 (6th Cir.1995) (affirming in part denial of defendants' motion to modify remedial orders).
 
 
 3
 In 1996, the Prison Litigation Reform Act (PLRA), Pub.L. No. 104-134, 110 Stat. 1321-66 (1996) (codified in relevant part at 18 U.S.C. § 3626), was enacted in an attempt to curb judicial involvement in prison administration. That Act provides in pertinent part that
 
 
 4
 [i]n any civil action with respect to prison conditions, a defendant ... shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.
 
 
 5
 Id. § 3626(b)(2). No findings of liability were made in this case, since it was initially resolved by a consent decree. Accordingly, defendants moved for immediate termination of the consent decree.[1] Defendants further invoked the automatic stay provision under the PLRA, id. § 3626(e)(2), which provides that prospective relief shall be automatically stayed beginning 30 days after a motion to terminate is filed.[2]
 
 
 6
 Shortly after defendants filed their motion, on July 3, 1996, the district court issued a decision stating that, in light of the "complexity of the issues presented" and the need for briefing, there was "no possible way" that it could decide the motion to terminate before the automatic stay provision would take effect. (App .691.) It held that the stay provision was unconstitutional. That decision is the subject of a separate appeal pending before this court in United States v. Michigan, No. 96-1907 (6th Cir. filed July 19, 1996).
 
 
 7
 The district court in its July 3 order further referred to the need for evidentiary hearings to decide the motion to terminate. In that regard, the PLRA provides that
 
 
 8
 [p]rospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current or ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.
 
 
 9
 18 U.S.C. § 3626(b)(3).[3] On August 26, 1996, the United States filed a motion for access to prison facilities, staff and documents covered under the decree "to formulate its position and present argument" in response to defendants' motion to terminate.
 
 
 10
 On September 12, 1996, the district court granted plaintiff's motion for access. In anticipation of further fact-finding, the court did not address the merits of defendants' motion to terminate in its order granting discovery. It did, however, opine that based on recent hearings on the issue of mental health care the existing record was sufficient to establish that a current or ongoing violation of a federal right existed regarding that issue. The court noted, however, that plaintiff's proposed tour of the prison facilities would assist the court on the issue of whether the relief contained in the decree was consistent with the PLRA requirements that relief be "narrowly drawn," "extend[ ] no further than necessary to correct the violation of the Federal right," and be "the least intrusive means to correct the violation," 18 U.S.C. § 3626(b)(3), when it decides defendants' motion to terminate.
 
 
 11
 Defendants filed an appeal of the September 12 order. On appeal, plaintiff filed a motion to dismiss the appeal. The motion was denied, deferring a final jurisdictional ruling to the hearing panel on the appeal.
 
 II.
 
 12
 Before considering the merits of any appeal this court must satisfy itself that appellate jurisdiction exists to hear the appeal. See, e.g., Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 540, 106 S.Ct. 1326, 1330-31, 89 L.Ed.2d 501 (1986). This court has jurisdiction to review final decisions of the district court. 28 U.S.C. § 1291. In addition, it has jurisdiction over certain interlocutory orders, including those "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). It is under this latter provision that defendants contend appellate jurisdiction lies.
 
 
 13
 Defendants assert three grounds for jurisdiction: (1) the district court refused to terminate the prospective mental health relief contained in the remedial plan; (2) the order grants the United States access to the prison facilities and permits creation of an evidentiary record to discover any constitutional violations before the court will decide defendants' motion for immediate termination; and (3) the order represents evidence of the district court's failure to expeditiously address defendants' termination motion and such delay effectively constitutes a refusal to dissolve injunctive relief. We address these grounds in turn.
 
 
 14
 A. Refusal to Terminate Prospective Mental Health Relief
 
 
 15
 Defendants' first argument in support of appellate jurisdiction is based on the false premise that the district court refused to terminate prospective mental health relief. First, although defendants' request for termination of relief was pending before the court for decision, the court's order decided only plaintiff's request for discovery. Second, although the court did opine that current constitutional violations existed as to mental health care, the order explicitly provided that a decision whether to terminate mental health relief will not be made until the ordered discovery is conducted and the court has an opportunity following evidentiary hearings to consider whether the relief provided under the decree is narrowly drawn to satisfy the PLRA.
 
 B. Creation of an Evidentiary Record
 
 16
 Defendants next argue that appellate jurisdiction is appropriate because the district court's grant of the discovery motion sets in motion the creation of an evidentiary record not contemplated by the PLRA. We fail to see how this is a jurisdictional argument rather than an argument on the merits, challenging the court's decision to conduct fact-finding before deciding the motion to terminate. If the court wrongfully creates an evidentiary record in ultimately deciding defendants' motion to terminate, defendants can raise that issue on appeal at that time.[4] See Rodgers v. United States Steel Corp., 508 F.2d 152, 160 (3d Cir.1975) (order that does not reach merits of claim is "nothing more than a step in the processing of the case and does not fall within § 1292(a)(1)").
 
 
 17
 C. Failure to Expeditiously Address Defendants' Motion to Terminate
 
 
 18
 As their final justification for appellate jurisdiction, defendants argue that the court's grant of plaintiff's discovery motion denies the dissolution of injunctive relief. While in a practical sense, any determination that defers a decision on the termination motion at least temporarily denies dissolution of injunctive relief, defendants' argument proves too much, since any interlocutory order, to the extent it diverts the court's attention and consideration from pending matters, necessarily prolongs litigation. See, e.g., R.R. Donnelley & Sons Co. v. FTC, 931 F.2d 430, 431 (7th Cir.1991) ("[i]f the cost, delay, and aggravation of litigation" made an order appealable, courts of appeals would be deluged). Defendants' sense of urgency in resolving this matter is understandable, particularly in light of the duration and complexity of this litigation. The merits of defendants' appeal, however, as they relate to defendants' motion to terminate, will be properly addressed to the extent they are raised on any appeal from an adjudication of that motion.[5]
 
 
 19
 DISMISSED.
 
 
 
 [1]
 At the same time, defendants filed motions with this court to terminate the relief granted in the orders on appeal in United States v. Michigan, No. 96-1129 (6th Cir. July 3, 1996) and United States v. Michigan, No. 90-1701, 1996 WL 382238 (6th Cir.1996). Those motions were denied in the first instance by the district court and the district court orders on appeal were remanded for reconsideration in light of the enactment of the PLRA
 
 
 [2]
 That provision has subsequently been amended to permit postponement of the effective date of an automatic stay by 60 days for good cause. Department of Justice Appropriations Act, 1998, Pub.L. No. 105-119, § 123(a)(3)(C), 111 Stat. 2440, 2470 (1997)
 
 
 [3]
 The phrase, "current or ongoing violation" was recently amended to provide "current and ongoing violation." § 123(a)(2), 111 Stat. at 2470. The amendment is not material, however, for purposes of this appeal
 
 
 [4]
 The State sought a writ of mandamus on this issue, which this court denied. United States v. Michigan, No. 96-1907 (6th Cir. Sept. 17, 1996)
 
 
 [5]
 Although on occasion this court has reviewed discovery orders that raised " 'questions of unusual importance necessary to the economical and efficient administration of justice,' " FDIC v. Ernst & Whinney, 921 F.2d 83, 85 (6th Cir.1990) (quoting EEOC v. K-Mart Corp., 694 F.2d 1055, 1060 (6th Cir.1982)), we conclude that standard is not met here. For example, defendants would have this court review in piecemeal fashion the district court's findings relating to mental health in this appeal, which are only dicta, and later review findings as to other aspects of the decree in any subsequent appeal relating to the district court's disposition of defendants' motion to terminate