PER CURIAM.
The district court determined that the doctrine of issue preclusion bars appellant Donald Tangwall from pursuing his claim that the Trustees of the Butch Family Preservation Trust (BFPT) violated their fiduciary duties to him as a trust beneficiary. We affirm on alternate grounds. We do not address the merits, if any, of Tang-wall’s claim because we hold that the doctrine of judicial estoppel prevents Tang-wall from maintaining this claim.
I
Charles Ploe created the BFPT in 1990, naming his adult sons, John and Mark, as beneficiaries. The trust owned a substantial number of shares in Goodrich Manufacturing Company, the Ploe family business. In 1992, Tangwall was appointed one of the trustees of BFPT. Mark and John Ploe resigned as trustees shortly after that, leaving Tangwall as the sole trustee. John Ploe died in 1995. Tangwall claims that Charles Ploe gave him John’s 50% beneficial interest in the BFPT, an assertion that Mark Ploe vigorously contests. Charles Ploe died in September 1998. In May 1999, Tangwall named Mark Ploe and Robert Looby as additional trustees. They decided that Tangwall was stealing assets from the company and accordingly removed Tangwall as a BFPT trustee on February 2, 2000, replacing him with Linda Ploe, Mark Ploe’s wife.
On February 11, 2000, Tangwall filed for bankruptcy in the Eastern District of Tennessee, listing a 50% interest in the BFPT as one of his assets. Tangwall’s Bankruptcy Trustee, Dean Farmer, then brought an adversary proceeding against Tangwall and the BFPT Trustees (the defendants in *14 this case) to acquire Tangwall’s alleged interest. They countered that Tangwall named himself as a BFPT beneficiary without authorization and therefore his claim to the trust assets was without merit.
Farmer and the Trustees settled, agreeing that Farmer would give up Tangwall’s claims against the Trust in exchange for a lump sum payment. The agreement also stipulated that the general release of liability was “intended to be the broadest release possible.” On October 25, 2001, Tangwall stated to the bankruptcy court that he did not object to dissolving the trust as part of the resolution of Farmer’s claim against the trust. He did not allege that the BFPT had spendthrift provisions that would preclude its dissolution. Furthermore, on January 22, 2002, Tangwall signed a separate settlement agreement in a related lawsuit against the Ploes in which he waived “any and all rights, claims, and causes of action TANGWALL has or had against the PLOES [i.e. Mark and Linda] individually and in any capacity held by them including as Trustees and/or Beneficiaries of the Butch Family Preservation Trust.” The bankruptcy court eventually approved the settlement with Farmer and dismissed the adversary proceeding against the BFPT with prejudice on September 23, 2002.
While the settlement was pending approval in bankruptcy court, and after he signed the separate waiver of claims against the Ploes, Tangwall filed this action, pro se, against the Trustees alleging that they had violated their fiduciary duties to him because the BFPT was a spendthrift trust. Tangwall argued that his agreement to dissolve the trust and waive his claims was meaningless because the beneficiary of a spendthrift trust has no control over the corpus. Rather, he alleged that the Trustees violated their duty of loyalty to him by settling with Farmer, failing to preserve the assets of the trust, and not defending its spendthrift provisions, a breach of duty that amounted to fraud and racketeering. The district court granted the Trustees’ motion to dismiss the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), ruling that the doctrine of collateral estoppel precluded Tangwall from asserting that the BFPT was a spendthrift trust because he agreed to its dissolution during the bankruptcy proceedings.
II
We review a dismissal of a suit for failure to state a claim de novo. Arrow v. Fed. Reserve Bank, 358 F.3d 392, 393 (6th Cir.2004). This panel may affirm the district court if that decision is correct for any reason, including one the lower court did not consider. United States Postal Serv. v. Nat’l Ass’n of Letter Carriers, 330 F.3d 747, 750 (6th Cir.2003). We do not address the issue of collateral estoppel because we believe that the doctrine of judicial estoppel most appropriately disposes of this case.
The doctrine of judicial estoppel prevents a litigant from “from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.” Teledyne Indus., v. N.L.R.B., 911 F.2d 1214, 1217 (6th Cir.1990). The purpose of judicial estoppel is to prevent “a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment.” Id. at 1218.
A successful claim for judicial estoppel has two parts: 1) a showing that the adverse party took a contrary position under oath in another proceeding and 2) that the court accepted that earlier position. See Reynolds v. C.I.R., 861 F.2d 469, 473 (6th *15 Cir.1988). Because the first court accepted the initial position, the second relies on its adjudication to “protect [its own] truth-seeking function ... [and] integrity.” Teledyne, 911 F.2d at 1218. In bankruptcy litigation, the requisite court approval of a settlement constitutes sufficient “judicial acceptance” to prevent a party from later advancing an inconsistent position. Ibid.
On October 25, 2001, the following exchange between Tangwall and the bankruptcy judge took place:
MR TANGWALL: No, Your Honor, I’ll [sic] can go on record and say I don’t object to the argument of the Trustee.
THE COURT: All right. So as far as you’re concerned, the Trustee can set aside the trust?
MR TANGWALL: That’s correct.
One of the fundamental principles of equity jurisprudence is that a plaintiff “must come into court with clean hands. He must be frank and fair with the court....” Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 244, 54 S.Ct. 146, 78 L.Ed. 293 (1933). Tangwall has been anything but “frank and fair” in his dealings with the judicial system. This lawsuit contravenes the settlement agreement that he signed with the Ploes in January 2002. Furthermore, Tangwall now asserts the BFPT is a spendthrift trust that cannot be dissolved, directly contradicting the position he endorsed in open court in October 2001. At that time, it served his interests to set aside the trust and remain silent about its now-alleged spendthrift nature. He wanted to clear the way for the bankruptcy settlement, which included a provision that the Ploes pay Farmer $132,500 from their personal funds for Tangwall’s alleged interest in the BFPT.
Tangwall cannot now assert a contradictory legal theory to prolong this litigation and extract more funds from the defendants personally or from the BFPT. The doctrine of judicial estoppel is designed to forestall precisely this kind of ploy. Accordingly, we hold that Tangwall is es-topped from presenting any claim that rests on the premise that the BFPT is a spendthrift trust. The district court’s dismissal of this case is AFFIRMED.