NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0191n.06

No. 23-1653

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
May 01, 2024
KELLY L. STEPHENS, Clerk

NATHAN CHARLES CRANDALL,

    Plaintiff-Appellant,

v.

NEWAYGO COUNTY, MICHIGAN;
RACHEL ROBINSON,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
MICHIGAN

OPINION

Before: COLE, CLAY, and THAPAR, Circuit Judges.

**CLAY, Circuit Judge.** Plaintiff Nathan Crandall appeals the district court's dismissal of his complaint, which alleged that Defendants Rachel Robinson and Newaygo County violated his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments. Crandall's girlfriend's pit bulls were responsible for the death of another dog. Crandall alleges, among other things, that as a co-owner of the dogs, he did not receive due process before the state court prior to the dogs being ordered to be euthanized. For the reasons that follow, we affirm the district court's dismissal of Crandall's complaint.

## BACKGROUND

### Factual Background

This case arises from the violent behavior of two pit bulls belonging to Erickah Cook, Plaintiff Crandall's then-girlfriend and now-wife. In April of 2020, Cook and the pit bulls were living with Crandall at his residence, at which time the pit bulls killed a neighbor's dog. Four

months later, Defendant Rachel Robinson, the local prosecutor, filed a "Complaint and Summons Regarding Dangerous Animal" and named Crandall as the assumed owner. The complaint ordered Crandall to show cause as to why the dogs should not be destroyed. At the show cause hearing, Crandall noted multiple times that they were not his dogs, but rather that the dogs belonged to Cook.

The case against Crandall was dismissed, and the case was refiled by a different prosecutor against Cook as the dogs' owner. Cook was given notice about her own show cause hearing, at which she was to provide evidence as to why the dogs were not dangerous. At that hearing, Cook was given the opportunity to cross-examine the state's witnesses and bring her own witnesses, but she did neither. Rather, Cook expressed remorse, testified that she had undergone significant expense and efforts to ensure that "something like this" never happened again, and requested that nothing happen to her dogs. R. 8-5, Page ID #21–22. The district court expressed sympathy but felt that its hands were tied by Michigan state law, which provides: "After a hearing, if the animal is found to be a dangerous animal that caused serious injury or death to an individual or a dog" the court "shall order the destruction of the animal." Mich. Comp. Laws § 287.322(3). On October 28, 2020, the district court ordered both dogs to be destroyed. Cook's attempts to appeal and move the court to reconsider were unsuccessful.

**Procedural Background**

Crandall filed this case in December 2022, alleging violations of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments. In particular, Crandall alleged that (1) as a legal co-owner of the dogs, he had a property interest in the dogs that Robinson abridged by unconstitutionally seizing them (Count 1); (2) Defendant Newaygo County was subject to *Monell* liability because of its "policy indicating a deliberate course of action of seizing dogs in an

unlawful manner" and failure to train and supervise its attorneys (Counts 2 and 5); (3) the dangerous animal statute's unconstitutional vagueness violated his property interest in the dogs and constituted a violation of his procedural due process rights under the Fourteenth Amendment (Count 3); and (4) the state court's failure to use the correct evidentiary standard violated his Fourteenth Amendment due process rights (Count 4). Crandall sought compensatory and punitive damages as well as attorney's fees.

The district court granted Defendants' motion to dismiss, holding that (1) the *Rooker-Feldman* doctrine did not divest the court of jurisdiction; (2) Crandall was judicially estopped from asserting ownership over the dogs after disavowing such ownership at the first show cause hearing; (3) Crandall failed to state a claim because he received all the process he was due; (4) the relevant Michigan statute did not create a property right, nor was it void for vagueness; (5) Crandall failed to state a claim against Newaygo County for *Monell* liability; (6) Robinson was entitled to absolute and qualified immunity; and (7) Crandall failed to assert how Newaygo County or Robinson were responsible for the state court's application of the wrong evidentiary standard. Crandall timely appealed.

## DISCUSSION

We review a dismissal under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Inner City Contracting, LLC v. Charter Twp. of Northville*, 87 F.4th 743, 749 (6th Cir. 2023). Just like the district court, we accept "the plaintiff's factual allegations as true and view the complaint in the light most favorable to the plaintiff, but are not required to accept legal conclusions or unwarranted factual inferences as true." *Id.* (quoting *Moody v. Mich. Gaming Control Bd.*, 847 F.3d 399, 402 (6th Cir. 2017).

At the outset, this Court "must satisfy itself that appellate jurisdiction exists to hear the appeal." *United States v. Michigan*, 134 F.3d 745, 748 (6th Cir. 1998) (per curiam). Defendants claim that we lack jurisdiction, invoking the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes federal courts from exercising jurisdiction over claims of injuries ruled upon by state court judgments. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). The doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). And the doctrine is "inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding." *Lance v. Dennis*, 546 U.S. 459, 464 (2006). Defendants seek to reduce Crandall's claim to a base attack on the state court judgment barred by the *Rooker-Feldman* doctrine. But the district court held that, because Crandall "was not a party to the underlying suit which he claims is the source of his injury," the *Rooker-Feldman* doctrine did not apply. R. 16, Page ID #382.

The district court resolved the *Rooker-Feldman* issue correctly in Crandall's favor. *Rooker-Feldman* applies "only in limited circumstances . . . where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance*, 546 U.S. at 466 (quoting *Exxon Mobil*, 544 U.S. at 291). Crandall is not appealing the state court decision to euthanize the dogs, he is alleging that his procedural due process rights were violated by the prosecutor and Newaygo County. Because he does not seek an appeal but rather an independent

remedy for an alleged lack of due process in the form of damages, *Rooker-Feldman* does not apply.[1]

We must next resolve Defendants' claim that Crandall's entire appeal is moot because he did not effectively plead before the district court the one claim he substantively briefed before this Court: his Fourteenth Amendment procedural due process claim. The district court substantively considered Crandall's procedural due process argument in its dismissal of the case. Because Crandall seeks to reverse that decision by the district court, we may properly consider his procedural due process claim. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) ("[B]ecause the district court did consider the issue in this case, we address the merits of [the defendant's] argument on this issue."); *cf. Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 554 (6th Cir. 1998) ("Typically, we will not address issues unless ruled upon by the trial court below.").

However, Crandall has forfeited almost all of his other claims—his Fourth Amendment claim, his claim regarding the state court's application of the incorrect evidentiary standard, his vagueness challenge of the Michigan dangerous animal law, and his *Monell* liability claims against Newaygo County—by failing to raise them in his opening brief. *Scott v. First S. Nat'l Bank*,

---

[1] Defendants argue that *Rooker-Feldman* applies because if Crandall was a co-owner of the dogs with Cook—as he alleges in his complaint—then he was "in privity" with Cook. Because Cook was the party in the underlying suit regarding the dogs, Crandall being "in privity" with her would mean Crandall was also a party to the suit, and *Rooker-Feldman* can therefore apply. *See McCormick*, 451 F.3d at 396. But the Supreme Court has held that "[t]he *Rooker–Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment." *Lance*, 546 U.S. at 466. Even if Crandall's status as a co-owner of the dogs put him in privity with Cook, this privity, under *Lance*, would not be sufficient to invoke *Rooker-Feldman*. In any case, as stated above, *Rooker-Feldman* does not apply because Crandall's case is not a functional appeal of the state court judgment.

936 F.3d 509, 522 (6th Cir. 2019).[2] We therefore decline to review the district court's dismissal of these claims and consider only whether the district court erred in dismissing Crandall's Fourteenth Amendment procedural due process claim.

We find that district court correctly held that Crandall failed to state a claim.[3] Crandall's procedural due process claim is premised on his argument that he has property rights in the dogs, and was not afforded due process prior to the order that they be euthanized. "Procedural due process requires that the government, prior to depriving an individual of their property, provide that individual with notice of the proposed action and an opportunity to be heard." *Paterek v. Vill. of Armada*, 801 F.3d 630, 649 (6th Cir. 2015) (citation omitted). "To establish a procedural due process claim, a plaintiff must show (1) the existence of a protected property interest at issue, (2) a deprivation of that protected property interest, and (3) that he or she was not afforded adequate procedures." *Id.*

Crandall's claim fails on the first and third prongs.[4] On the first, as mentioned above, Crandall at his show cause hearing relinquished whatever property interest Michigan law conferred

---

[2] Even if Crandall had adequately briefed his Fourth Amendment claim, it would still fail. Although Michigan law gave him a property interest in the dogs, he relinquished that interest at his show cause hearing. Crandall repeatedly, under oath, disclaimed his ownership. And although he claims he did so because he was ignorant of the law and uncounseled, "even for *pro se* litigants, ignorance of the law is no excuse." *Spohn v. Van Dyke Pub. Schs.*, 822 N.W.2d 239, 251 (Mich. Ct. App. 2012). Thus, without an interest in the dogs, Crandall has no basis to challenge their seizure.

[3] The district court diligently analyzed each of Defendants' arguments that the case should be dismissed pursuant to judicial estoppel, and official immunity. Because we affirm the district court's decision to dismiss the case on failure to state a claim grounds, we elect not to opine on the other issues. *Cf. Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002) ("[W]e are free to affirm the judgment on any basis supported by the record.").

[4] The district court also held that Michigan law does not confer upon Crandall a property interest in the dogs. But Michigan's Dog Law defines a dog's owner as "every person who keeps or harbors the dog or has it in his care, and every person who permits the dog to remain on or about any premises occupied by him." Mich. Comp. Laws § 287.261. It is undisputed that the dogs

on him.  On the third, he cannot show that he was afforded inadequate procedures.  Crandall claims that at no time was he "advised that as an owner he had a constitutional right to a hearing which he clearly wanted."  Pl. Br., ECF No. 18, 28.  But Crandall did have his own hearing, at which he stated he was not the owner of the dogs.  Crandall makes no argument as to why this process was insufficient as a matter of law.  As the district court aptly explained, "Crandall received notice as to the potential deprivation of any rights he may have in the two pit bulls and received his opportunity to be heard in court."  R. 16, Page ID #385.

Further, courts evaluate procedural due process claims by weighing (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  Crandall did not, and cannot, make any claim that there was a risk of erroneous deprivation as a result of the procedure used, nor that additional procedural safeguards would have been valuable.  The state judge who ordered the dogs to be euthanized did so reluctantly, because the judge concluded that the statute required him to order the dogs destroyed once there was a finding that they had harmed another animal.  Not only is this deprivation not erroneous, but any increase in procedure likely would not have moved the needle.  While Crandall argues that Michigan law requires that all owners be included in proceedings

---

lived with Cook and Crandall on Crandall's property.  Therefore, Crandall qualifies as an owner under this statute.  And this Court has previously upheld a district court's reading of § 287.261 as creating a possessory interest for individuals who have dogs residing at their homes. *Smith v. City of Detroit*, No. 16-11882, 2017 WL 3279170, at *5 (E.D. Mich. Aug. 2, 2017), *rev'd in part on other grounds by Smith v. City of Detroit*, 751 F. App'x 691 (6th Cir. 2018).  Therefore, Crandall would have a possessory interest in the dogs under Michigan law had he not disclaimed such an interest, but he still fails to show that he was deprived of this interest without due process.

conducted pursuant to Michigan's Dog Law, Mich. Comp. Laws § 287.261, and that he was not sufficiently included in the underlying proceeding, Crandall does not show that the existing procedures were somehow lacking—especially given that Crandall was served and did have an opportunity to participate in not one but two hearings—or that "including" him in the proceeding would have any probative value.

Further, the deprivation in this case came after Cook's hearing, for which she was given notice and at which she testified and was able to call witnesses. Thus, even if Crandall was denied adequate process, which he was not, it is not clear that the alleged deprivation of Crandall's protected property interest (the euthanasia order) is causally linked to such allegedly deficient procedure. Therefore, there was no deprivation of due process, and Crandall's procedural due process claims must fail.

## CONCLUSION

For the reasons stated above, the judgment of the district court is **AFFIRMED**.